O’Neald, J.
In this case, it seems to me that the only question which we are called upon to decide, is whether the decree of confirmation of the return of the Commissioners in partition precluded the defendants from rectifying the mistake in fact, as to the slave Frank.
I think that there is a material difference between decrees by consent and of course, and those which are pronounced in inviium. The latter, it has been held in this State, are not the subject of re-hearing, and can only be reviewed upon new matter discovered since the decree, and of which the party 'applying for the review could not have the benefit in the first instance, and which newly discovered matter makes a new case, and one proper for Equity jurisdiction. Perkins v. Lang, 1 M’C. C. 30, note.
In the case of Jenkins ads. Harrison, and Price v. Nesbitt, 1 Hill, Ch. 445, it has been held, that as long as anything remained to be done by *47 the Court in a cause, that the previous decrees of the Court wore not final, and that an appeal from the last decree closing the case, would open all previous decrees, and bring up the whole case for *adjudication. I should be inclined to think, under this rule, that if this L were a decree in invitum, that it is possible its errors might uow be corrected. For the slave (the subject of the dispute) has not been sold; but the decree of sale has been suspended by the Court. Be this, however, as it may, I think the Court must exercise the right of correcting its decrees in ex parte cases and cases by consent, so long as they remain unexecuted. For although they purport to be the act of the Court, and as such, have legal effect, yet, in point of fact, they are the mere act of the parties. Neither the facts nor the law can be said to be judicially ascertained in such a proceeding. The only restriction upon the exercise of this power ought to be the execution of the decree. It is then that the decree ought to be regarded as final, and to be an estoppel between all parties and privies. It then has the force of a judgment, by either vesting or divesting rights; and also by operating as authority to officers of the Court acting under it, and as title to purchasers who may buy under it. This restriction guards the power against all possible abuse. ■ The power of correcting errors in such decrees, so long as they remain unexecuted, can prejudice no one : it does not require a new examination of testimony, for in such cases, most generally, no testimony is originally heard; there can, therefore, be no danger of perjury in this respect— it does not re-examine and defeat any established title, for the consent of the parties to the decree is all the evidence of title to which the Court has looked; and the parties are placed in no worse situation by it, for the consent must operate against the party who gives it, until he shows that it was given by mistake, and establishes a perfect title to relief..
Patterson, for the appellant.
It is ordered and decreed, that Chancellor Johnston’s decree be reversed, and that the petition of the defendants be remanded to the Circuit Court for an examination of the facts stated in it, and for a decree upon the same.
Johnson, J., concurred.
Harper, J., absent.